**OLSHAN FROME WOLOSKY LLP**
1325 Avenue of the Americas
New York, New York 10019
Michael S. Fox, Esq.
Jonathan T. Koevary, Esq.
Lauren B. Irby, Esq.
212.451.2300

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS**
**TO SATISFY PREPETITION CLAIMS RELATING TO THEIR COMMON CARRIERS**
**PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE**

The above captioned debtors and debtors in possession (collectively, the "Debtors"),

hereby move this Court (the "Motion") for entry of an order authorizing, but not directing, the

payment of prepetition claims of certain common carriers pursuant to section 105(a) of the

Bankruptcy Code. In support of this Motion, the Debtors respectfully state as follows:

**Background**

1.      On February 9, 2018 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Eastern District of New York (the "Court"). The

factual background regarding the Debtors, including their business operations, capital and debt

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number,
are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).

4508247-4

structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Declaration of Isaac Barnathan in Support of First Day Motions (the "Barnathan Declaration"), dated February 12, 2018 and fully incorporated herein by reference.

2.     The Debtors continue to manage and operate their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

## Jurisdiction

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory predicates for the relief requested herein is section 105(a) of the United States Code (the "Bankruptcy Code").

## Common Carriers

5.     In the ordinary course of business, the Debtors use and rely upon AM Transportation Logistics Inc., a third party common carrier ("AM Trucking") and the United Parcel Service ("UPS" and collectively with AM Trucking, the "Common Carriers") to transport goods and merchandise to customers on behalf of the Debtors.

6.     The Common Carriers are compensated based upon contractual rates agreed to between the Debtors and the Common Carriers for the services provided to the Debtors (the "Common Carrier Charges").

7.     As of the Petition Date, the Debtors estimate that the amount of unpaid prepetition amounts owed to AM Trucking is approximately $37,235, and amount of unpaid prepetition amounts owed to UPS is approximately $2,784.58.

8.     As a result of the service they provide, AM Trucking currently has possession of approximately $75,000 worth of the Debtors' products, all in the ordinary course of the

4508247-4

Debtors' businesses.  If the Common Carrier Charges are not paid by the Debtors, it is highly likely the Common Carriers will stop providing their essential services to the Debtors, causing delay or interruption in the delivery and sale of merchandise.  It is critical to the Debtors' reorganization efforts that they maintain a reliable and efficient flow of inventory to their customers.  Unless the Debtors continue to receive and distribute goods and merchandise on a timely basis without interruption, these operations will be severely disrupted, and the Debtors' ability to generate revenues and realize value on their assets would be impaired.  Even if suitable alternative service providers were available, the time necessary to identify these replacements and integrate them into the Debtors' operations likely would essentially shut down the Debtors' operations, and cause sales to be lost.

9.    In addition, the failure to pay the Common Carrier Charges may result in the assertion of possessory liens by certain service providers under applicable state law.  Typically, state laws grant an entity that furnishes services with respect to goods a possessory lien on such goods to secure payment for services, if such entity retains possession of the goods at issue. Pursuant to Bankruptcy Code section 362(b)(3), the act of perfecting such liens is expressly excluded from the automatic stay imposed by Section 362(a).  Therefore, the Common Carriers may be entitled to assert and perfect liens against the Debtors' property, to the detriment of the Debtors' estates and creditors.

## Relief Requested

10.    By this motion, the Debtors seek entry of an order authorizing, but not directing, it to pay, in their sole discretion the valid prepetition claims of the Common Carriers relating to the shipment, transport and delivery of goods to the Debtors in the ordinary course of business, pursuant to section 105 of the Bankruptcy Code that have accrued and been unpaid as of the Petition Date.  The Debtors propose to pay such claims, when, in the Debtors' sole discretion,

4508247-4

the Common Carriers' exercise of contractual or statutory self-help remedies would unduly disrupt the Debtors' businesses.

**Basis for Relief**

11.    Any disruption to the delivery, import, and flow of inventory would have an immediate and devastating impact on the Debtors' operations and the maximization of the value of the Debtors' assets.  Without the inventory, the Debtors would be unable to adequately supply their customers.  Because uninterrupted delivery of the merchandise is essential for the Debtors to maximize returns from their reorganization efforts, the interests of the Debtors and all parties in interest will be best served by entry of an order allowing the payment of prepetition claims to the Common Carriers.

12.    Section 105 of the Bankruptcy Code grants courts broad authority to enforce the Bankruptcy Code's provisions either under the specific statutory language of the Bankruptcy Code or under equitable common law doctrines.  "The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  This equitable common law principle "was first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C. & S.W. R. Co.*, 106 U.S. 286 (1882) and is commonly referred to as either the 'doctrine of necessity' or the 'necessity of payment' rule." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 175-76.  "The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of prepetition claims when such payment is necessary for the debtor's survival during chapter 11." *In re Just For Feet Inc.*, 242 B.R. 821, 825 (D. Del. 1999).  "The necessity of payment doctrine recognizes that paying certain pre-petition claims may be necessary to realize the goal of chapter 11 - a successful reorganization." *Id*. at 825-26.

4

13.    Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay certain critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code.  *See In re Columbia Gas System*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (*citing In re Lehigh & N.E. Ry.. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that "if payment of a prepetition claim `is essential to the continued operation of [debtor], payment may be authorized'")).

14.    If required, the payment of the prepetition Common Carriers and other prepetition amounts due and owing in respect of the Goods will support the Debtors' reorganization process by permitting the continued and uninterrupted flow of merchandise and goods that can be sold by the Debtors.

15.    Authorization to pay the prepetition claims described herein will not be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.  The Debtors reserve all of their rights under the Bankruptcy Code with respect to any such agreements.  Moreover, authorization to pay any prepetition claims herein does not affect the Debtors' right to contest the amount or validity of any such charges, in whole or in part.

### The Debtors Satisfy Bankruptcy Rules 6003 and 6004

16.    Pursuant to Rule 6003(b) of the Federal Rules of Bankruptcy Procedure, "a motion to pay all or part of a claim that arose before the filing of the petition" shall not be granted by the Court within 20 days of the Petition Date "(e)xcept to the extent that relief is necessary to avoid immediate and irreparable harm. . . ." Fed. R. Bankr. P. 6003(b).  Because the Common Carriers may attempt to terminate the Debtors' postpetition services, the Debtors submit that the requirements of Rule 6003 have been met and that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

To implement the foregoing successfully and insure the Debtors' services are not interrupted, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

**<u>Notice</u>**

17.    No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to: (i) Office of the United States Trustee for the Eastern District of New York; (ii) those creditors holding the twenty (20) largest unsecured claims against the Debtors' estates; (iii) the IRS; (iv) all taxing authorities in relevant jurisdictions; (v) all attorneys general in relevant jurisdictions; and (vi) any other parties directly affected by this Motion.  The Debtors submit that such notice is sufficient under the circumstances.

**<u>No Previous Request</u>**

18.    No previous request for the relief sought herein has been made to this or any other Court.

4508247-4

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
　　　　February 13, 2018

**OLSHAN FROME WOLOSKY LLP**

By:　/s/ *Michael S. Fox*
　　　Michael S. Fox
　　　Jonathan T. Koevary
　　　Lauren B. Irby
　　　1325 Avenue of the Americas
　　　New York, New York 10019
　　　(212) 451-2300

　　　*Proposed Counsel to the Debtors*

7

**EXHIBIT A**

**Proposed Order**

4508247-4

**OLSHAN FROME WOLOSKY LLP**
1325 Avenue of the Americas
New York, New York 10019
Michael S. Fox, Esq.
Jonathan T. Koevary, Esq.
Lauren B. Irby, Esq.
212.451.2300

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER AUTHORIZING THE DEBTORS TO SATISFY**
**PREPETITION CLAIMS RELATING TO COMMON CARRIERS, PURSUANT TO**
**SECTION 105(a) OF THE BANKRUPTCY CODE**

Upon the motion, dated February 13, 2018 (the "Motion")[1] of the above-captioned

debtors and debtors in possession (the "Debtors") for an order authorizing the Debtors to satisfy

prepetition claims relating to Common Carriers, pursuant to Section 105(a) of the Bankruptcy

Code and upon consideration of the Declaration of Isaac Barnathan in Support of the Debtors'

Chapter 11 Petition and Request for First Day Relief; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion and the requested relief being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).
[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

4508247-4

1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 105(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay, in their sole discretion, any or all of the valid prepetition Common Carrier Charges and related charges in the ordinary course of the Debtors' businesses.

3.      Nothing in this Order or the Motion shall be construed as prejudicing the Debtors' right to dispute or contest the amount of, or basis for, any claims against the Debtors relating to the Common Carrier Charges and related charges.

4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, an assumption of any contract under section 365 of the Bankruptcy Code or the waiver by the Debtors any of their rights pursuant to any agreement by operation of law or otherwise.

5.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7.      Bankruptcy Rule 6003(b) has been satisfied.

8.      The requirements of Bankruptcy Rule 6004(a) are waived.

4508247-4

9.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

4508247-4